**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civil Action No. 1:20-cv-11217-FDS |
| REGENERON PHARMACEUTICALS, INC., | ) ) ) | |
| Defendant. | ) ) | |

## JOINT STATUS REPORT

In advance of the March 4, 2021 status conference, the parties submit this Joint Status Report to inform the Court of an issue that requires a judicial resolution.

Since the initial scheduling conference on January 11, 2021, the parties have exchanged interrogatories, requests for production, and written responses to those interrogatories and requests. They have also served several third-party subpoenas. The government has produced over 240,000 documents to Regeneron. Pursuant to a HIPAA subpoena prior to this litigation, Regeneron has already produced close to 250,000 documents, consisting of more than 1.2 million pages, to the government during its pre-suit investigation of this litigation. Regeneron marked all of these documents "confidential" at the time of production.

Regeneron seeks a protective order in this case to protect its confidential information, and the government does not dispute the need for such an order. The government also plans to produce patient claims data pursuant to such an order. Through extensive conferral, the parties have negotiated nearly all aspects of a proposed protective order. However, the parties disagree concerning the application of the proposed protective order to the documents Regeneron produced during the course of the pre-suit investigation. The parties' proposed alternative

versions of the protective order are attached as Exhibits 1 and 2: Exhibit 1 is Regeneron's proposal, and Exhibit 2 is a redline that shows the government's proposal. In short, Regeneron proposes that all documents previously marked "confidential" remain presumptively confidential under the protective order until a party seeks to use such documents in the litigation, at which point Regeneron will re-review and determine whether to de-designate the document. Under the government's proposal, previously-produced documents dated on or after January 1, 2015 (the government's view is that virtually all of these documents are likely irrelevant to this litigation) would be treated as "presumptively" confidential, but earlier documents would not be treated as "confidential" unless Regeneron affirmatively redesignates particular documents as such in good faith. The parties further explain their positions below:

<u>The United States' Position</u>

The government opposes such a blanket redesignation of documents to which no protective order currently applies. The United States believes that few, if any, of the pre-2015 previously-produced documents contain information that could provide another pharmaceutical company with information that could harm Regeneron's competitive standing. By and large, the documents – all more than half a dozen years old – concern Regeneron's conduct in financing co-pay foundations, as well as related sales and distribution practices; that conduct was, for better or worse, common in the pharmaceutical industry, and there is nothing proprietary about that conduct now that should be hidden from public view. Accordingly, the government does not believe the documents – which Regeneron produced years ago without any agreement on confidentiality – now should be subject to a blanket "confidential" designation that would require the parties to file any of those documents under seal or to engage in a meet and confer process before filing any such documents.

"Access to judicial records and documents allows the citizenry to monitor the functioning of our courts, thereby insuring quality, honesty and respect for our legal system." *United States v. Kravetz*, 706 F.3d 47, 56–57 (1st Cir. 2013) (internal quotation marks omitted). Although Rule 26(c) permits courts to enter protective orders, "[p]rotective orders should be narrowly tailored and entered only after a party sets forth good cause based up[on] a particular demonstration of facts." *Suture Exp., Inc. v. Cardinal Health, 200, LLC*, No. 12-2760-RDR, 2013 WL 6909158, at *5 (D. Kan. Dec. 31, 2013); *see also In re BofI Holding, Inc. Sec. Litig.*, 318 F.R.D. 129, 133 (S.D. Cal. 2016) ("Any protective order that is issued must be narrowly tailored and cannot be overbroad."); *Zenith Radio Corp. v. Matsushita Elec. Indus. Co.*, 529 F. Supp. 866, 892 (E.D. Pa. 1981) ("[A] protective order should always be narrowly drawn."). To that end, the rule permits the use of protective orders to protect "trade secret[s] or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c)(1)(G). Commercial information subject to protection typically includes "business information that might harm a litigant's competitive standing." *Bradford & Bigelow, Inc. v. Richardson*, 109 F. Supp. 3d 445, 448 (D. Mass. 2015) (quoting *Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978)).

Here, the age of documents at issue, all pre-dating January 1, 2015, casts serious doubt on any claim of confidentiality, let alone a claim of blanket confidentiality for thousands of documents. Tellingly, many of the documents show that Regeneron was well aware of its competitors' practices, thus undermining any suggestion that these types of practices were trade secrets or otherwise confidential. *See, e.g.*, Complaint (Dkt. 1), Ex. 27 at 9-11 (discussing distribution practices of two competing pharmaceutical companies, Genentech and Vertex). Still, should Regeneron later identify specific previously-produced documents deserving of

confidentiality protection, the government's proposal would permit the protective order to apply to those documents.

At least one other court has applied the government's proposed approach. In another intervened False Claims Act action involving a large pharmaceutical company, *United States ex rel. Kieff v. Wyeth*, No. 1:03-cv-12366-DPW (D. Mass. Jan. 10, 2011), Judge Woodlock entered a protective order in which all documents the defendant produced prior to the litigation were presumptively non-confidential absent affirmative redesignation of specific documents. *See id.*, ECF No. 215 at 3. The government simply requests that this Court take the same approach here.

<u>Regeneron's Position</u>

Regeneron proposes that the parties maintain the prior confidentiality designations for the 1.2 million pages it produced in the course of the government's investigation of this litigation, and address any de-designations on an as-needed, document-by-document basis, using the agreed to provisions in Section 4 of the parties' proposed protective order. This approach comports with Rule 26's "good cause" standard by (1) protecting sensitive information; and (2) balancing the need to protect Regeneron from undue burden against the government's desire for public disclosure. In addition, following this suggested procedure will avoid unnecessary expense and use of resources by either party.

*First*, it is beyond dispute that Regeneron's prior document productions contain sensitive information warranting confidentiality designation and the accompanying protections. Federal Rule of Civil Procedure 26 authorizes protective orders to protect the confidentiality of a variety of information, including, *inter alia*, "trade secret or other confidential research, development, or commercial information" and to "protect a party or person from annoyance or embarrassment." Fed. R. Civ. P. 26(c)(1)(G). Regeneron's prior productions include information warranting

protection under this standard, including, for example, (1) patient records with HIPAA-protected health information; (2) non-public Regeneron financial information and data; and (3) proprietary information concerning Regeneron's business operations, including information regarding Regeneron's cost structure, distribution networks, marketing strategies, and strategic partnerships.

*Second*, Under Rule 26's "good cause" standard, a protective order should "protect a party … from undue burden or expense." Fed. R. Civ. P. 26(c)(1).  The Court has "broad discretion to decide when a protective order is appropriate and what degree of protection is required." *Poliquin v. Garden Way, Inc.*, 989 F.2d 527, 532 (1st Cir. 1993) (internal quotation omitted); *accord Jagex Ltd. v. Impulse Software*, 273 F.R.D. 357, 358 (D. Mass. 2011).  When applying this discretion, the Court must balance the interests of the parties.  *See Gill v. Gulfstream Park Racing Ass'n., Inc.*, 399 F.3d 391, 402 (1st Cir. 2005) ("[T]he 'good cause' standard in the Rule is a flexible one that requires an individualized balancing of the many interests that may be present in a particular case.") (internal quotation omitted).  Here, Regeneron produced over 247,000 documents, consisting of over 1.2 million pages, in response to the government's pre-suit subpoena when no protective order was in place.  The scope of the government's pre-suit investigation was significantly more expansive than the current litigation.  Of the documents previously produced, approximately 46,632 documents and 320,288 pages predate January 1, 2015.  Requiring Regeneron to re-review all of these documents—the vast majority of which will never be used in the litigation and many of which are not even relevant to the litigation—solely to re-assess confidentiality under the protective order is an unduly burdensome and unnecessarily expensive exercise.  Instead, the parties should use the agreed-upon mechanism set forth in Section 4 of the proposed protective order to address disputes about

confidentiality on a document-by-document basis, as the need to utilize such documents arises. This approach appropriately balances the government's interest in public disclosure against the burden imposed on Regeneron. *See Gill*, 399 F.3d at 402.

Dated: March 2, 2021

NATHANIEL R. MENDELL
Acting United States Attorney

/s/ Evan D. Panich
GREGG SHAPIRO
EVAN D. PANICH
LINDSEY ROSS
DAVID LAZARUS
Assistant United States Attorneys
U.S. Attorney's Office
One Courthouse Way, Suite 9200
Boston, MA 02210
Phone: (617) 748-3100
gregg.shapiro@usdoj.gov
evan.panich@usdoj.gov
david.lazarus2@usdoj.gov
lindsey.ross@usdoj.gov

Respectfully submitted,

REGENERON PHARMACEUTICALS, INC.
By its attorneys,

/s/ Richard Scheff (with permission)
RICHARD SCHEFF
CARRIE S. LOVE (admitted *pro hac vice*)
KATHARINE LADD (admitted *pro hac vice*)
Armstrong Teasdale, LLP
2005 Market Street, 29th Floor
Philadelphia, PA 19103
Phone: (267) 780-2000
rscheff@armstrongteasdale.com
clove@atllp.com
kladd@atllp.com

BRIEN T. O'CONNOR
Ropes & Gray LLP
800 Boylston Street
Boston, MA 02199
Phone: (617) 951-7000
Brien.O'Connor@ropesgray.com

SAMANTHA BADLAM (admitted *pro hac vice*)
Ropes & Gray LLP
2099 Pennsylvania Ave NW
Washington, DC 20006
Phone: (202) 508-4600
Samantha.Badlam@ropesgray.com