UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:20-cv-11217-FDS |
| REGENERON PHARMACEUTICALS, INC., | ) |
| Defendant. | ) |

**GOVERNMENT'S STATUS REPORT AND ASSENTED-TO
MOTION TO MODIFY SCHEDULING ORDER**

In advance of the upcoming status conference, the United States submits this Status Report concerning two issues that require the Court's attention. The first issue is whether the False Claims Act's provision for nationwide service of process permits the parties to serve enforceable trial subpoenas nationwide. The United States contends that it does. As the government understands it, Regeneron's position is that although the False Claims Act provides for nationwide service of process, in order to exercise it and issue a trial subpoena to a witness more than 100 miles from the courthouse, a party must show good cause. The second issue is the parties' joint request to extend the extant discovery deadlines by approximately three months, due to difficulties in scheduling depositions (including of third parties), and the parties' ongoing document productions. On this issue, the parties have agreed to a joint proposal to extend the fact discovery deadline by three months, as described further below.

Since the March 4, 2021 status conference, the parties have continued to engage actively in discovery. The parties are working cooperatively to identify and resolve any discovery issues. As of August 27, the parties have served all written discovery, with each party on that date

propounding additional interrogatories and requests for admission, and with the United States serving an additional set of requests for production of documents. The parties are now in the process of responding to these discovery requests, including by continuing to produce documents and data. Meanwhile, the United States has noticed seven depositions (including of six non-party witnesses), two of which the United States has already taken. Regeneron has noticed four depositions, one of which it has already taken. The parties are working to schedule the remaining depositions and anticipate requesting leave of the Court to take more than ten depositions (though that request for leave is premature at this time).

1. **Section 3731(a) and the Federal Rules of Civil Procedure**

The United States contends that the "procedure" section of the False Claims Act allows courts issuing subpoenas to compel trial testimony from witnesses residing anywhere in the United States. 31 U.S.C. § 3731(a) ("A subp[o]ena requiring the attendance of a witness at a trial or hearing conducted under section 3730 of this title may be served *at any place in the United States*." (emphasis added)). Section 3731(a) expressly allows for subpoenas beyond the geographic limitations of Rule 45(c) of the Federal Rules of Civil Procedure. In other words, a court may compel witness testimony even if a trial takes place more than 100 miles from where a witness resides, is employed, or regularly transacts business in person. S*ee, e.g.*, *United States ex rel. Lutz v. Berkeley Heartlab, Inc.*, No. CV 9:14-230-RMG, 2017 WL 5624254, at *3 (D.S.C. Nov. 21, 2017); *United States ex rel. Kieff v. Wyeth*, No. CV 03-12366-DPW, 2015 WL 8024407, at *5 (D. Mass. Dec. 4, 2015) (Woodlock, J.); *United States ex rel. Wilson v. Bristol-Myers Squibb, Inc.*, No. CA 06-12195-MLW, 2013 WL 3327317, at *3 (D. Mass. June 27, 2013) (Wolf, J.) ("[T]he weight of the authority supports the court's power to subpoena non-party witnesses from anywhere in the United States to testify in Massachusetts in this case."). Such an

interpretation is, in fact, consistent with the Federal Rules of Civil Procedure, as Rule 81 states that "[t]hese rules apply to proceedings to compel testimony . . . through a subpoena issued by a United States officer or agency under a federal statute, except as otherwise provided by statute." Fed. R. Civ. P. 81(a)(5); *see also Lutz*, 2017 WL 5624254, at *2. It is also readily apparent that this is the result that Congress intended when it drafted the statute. *Wyeth*, 2015 WL 8024407, at *3 ("On [a] textual basis alone, I would be likely to find, with the great majority of courts, that the False Claims Act allows a court to compel testimony from witnesses from anywhere in the United States. Any remaining ambiguity is resolved by the legislative history of § 3731(a).").

Based upon recent conferences, the United States understands that Regeneron's position is that the law on nationwide service of process under the False Claims Act in the District of Massachusetts is set forth in *Wyeth*, 2015 WL 8024407 at *5. In other words, and as set forth in *Wyeth*, although the False Claims Act provides for nationwide service of process, in order to exercise nationwide service of process set forth in the False Claims Act and issue a trial subpoena to a witness more than 100 miles from the courthouse, a party must show good cause. Thus, Regeneron's view is that it cannot take a position regarding whether good cause exists for a particular third-party witness whom the government intends to call if this case proceeds to trial without knowing that witness's circumstances at trial.

The Court's position on this issue has significant consequences for the government's discovery strategy. During its investigation, the United States took sworn testimony of three witnesses. The government expects to call these three witnesses at trial, but absent confirmation from the Court that Rule 45(c) does not somehow repeal or override the False Claims Act's national subpoena scope, the government may be forced to take these witnesses' depositions to

preserve their testimony in a form that will be admissible at trial.[1]  *See* Fed. R. Civ. P. 32. Without the Court's perspective on this issue now, the United States may otherwise be forced to expend one-third of its currently allotted depositions to confirm that these witnesses did, in fact, tell the truth when they previously gave testimony under oath.  For that reason, among others, the Court's direction on this issue will affect how the United States develops its evidence for summary judgment and trial.

2. **Extension of Discovery Deadlines**

There is good cause to extend the remaining discovery deadlines by approximately three months, as set forth below.

The Court's Scheduling Order sets fact discovery deadlines of August 27 for written discovery requests and November 1 for depositions and all other discovery (other than expert discovery).  ECF No. 43, ¶¶ 3, 4.  The parties have worked diligently throughout discovery and have met the first of these deadlines (i.e., that applicable to written discovery requests). However, scheduling issues—including the conflicts presented by the schedules of third-party

---

[1]    Because Rule 56 allows for use of sworn testimony to support any motion for summary judgment (or opposition thereto), the government may not need to depose these three individuals for summary judgment purposes.  *See United States ex rel. Richardson v. Lehmann*, No. 4:05-cv-3836, ECF No. 126 (S.D. Tex. Jan. 30, 2013) (denying motion to strike the government's use of CID transcripts at summary judgment); *see also S.E.C. v. Carnicle*, 216 F.3d 1088 (Table), 2000 WL 796090, at *2 (10th Cir. Jun. 21, 2000) (noting that "sworn statements taken in the course of SEC investigations are the equivalent of affidavits, and as such, they may be used to support a motion for summary judgment"); *S.E.C. v. Research Automation Corp.*, 585 F.2d 31, 34 n.5 (2d Cir. 1978) ("Sworn testimony taken in an SEC investigation may be used pursuant to Rule 56(c) on a motion for summary judgment."); *S.E.C. v. Universal Exp., Inc.*, 475 F. Supp. 2d 412, 416 n.1 (S.D.N.Y. 2007), ("Neuhaus's contention that the testimony he gave during the SEC's pre-litigation investigation cannot be used against him on summary judgment is meritless."), *aff'd sub nom. S.E.C. v. Altomare*, 300 Fed. App'x 70 (2d Cir. 2008).

witnesses—have caused several depositions to be delayed by weeks. For example, on July 23, the United States noticed the deposition of a former Regeneron employee for August 24. However, Regeneron's counsel (who also represents the third-party witness) has said that the deposition will not be possible before late October. That deposition is currently scheduled for October 26, six days before the close of discovery. Similarly, Regeneron requested the deposition of a Food & Drug Administration employee on August 23, but due to scheduling issues, that deposition likely will not take place until October 19.

Moreover, document production is continuing. For example, Regeneron produced thousands of pages of documents responsive to the government's requests for production—producing nearly 120,000 pages since the last status conference on March 4 and making its latest substantive production as recently as August 20. Additionally, on August 27, the United States issued further requests for production and it does not yet know whether Regeneron will produce more documents in response to those requests. The United States must review and analyze any new materials and determine what downstream impact those materials might have on its discovery efforts. For example, information it gleans from newly produced materials will likely impact whose testimony the United States takes with its remaining depositions. And for its part, the government also has at least one supplemental production of documents to make.

There is good cause, therefore, for a modest, three-month (approximately) extension of the remaining discovery deadlines. More specifically, with Regeneron's assent, the government respectfully requests the following changes to the Scheduling Order.

- Paragraphs 3 and 4
    o Fact discovery deadlines from November 1, 2021 to January 21, 2022

- Paragraph 4
    - Add a status conference for January 28, 2022 (i.e., shortly after close of discovery)
- Paragraph 6:
    - Plaintiff's trial experts' designation and disclosures from December 6, 2021 to March 7, 2022
    - Plaintiff's trial experts deposed from January 21, 2022 to April 14, 2022
    - Defendant's trial experts' designation and disclosures from February 21, 2022 to May 13, 2022
    - Defendant's trial experts deposed from March 21, 2022 to June 14, 2022
- Paragraph 7
    - Dispositive motions filed from April 7, 2022 to June 30, 2022

September 9, 2021                    Respectfully submitted,

                                     NATHANIEL R. MENDELL
                                     Acting United States Attorney


                                     */s/ Abraham R. George*
                                     ABRAHAM R. GEORGE
                                     EVAN D. PANICH
                                     LINDSEY ROSS
                                     DAVID LAZARUS
                                     CHARLES B. WEINOGRAD
                                     Assistant United States Attorneys
                                     John J. Moakley United States Courthouse
                                     1 Courthouse Way
                                     U.S. Attorney's Office, Suite 9200
                                     Boston, MA 02210
                                     Phone: (617) 748-3100
                                     evan.panich@usdoj.gov
                                     lindsey.ross@usdoj.gov
                                     david.lazarus@usdoj.gov
                                     abraham.george@usdoj.gov
                                     charles.weinograd@usdoj.gov