UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 20-11217-FDS |
| v. | ) ) ) | |
| REGENERON PHARMACEUTICALS, INC., | ) ) ) ) | |
| Defendant. | ) ) | |

**ORDER ON DEFENDANT'S OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER ON THE MOTION OF THE UNITED STATES FOR A PROTECTIVE ORDER**

**SAYLOR, C.J.**

After a hearing, and upon review of the memoranda filed by the parties and the attachments thereto, the objections of defendant Regeneron Pharmaceuticals, Inc., to the Magistrate Judge's order on the motion of the United States for a protective order (Docket No. 186, filed under seal) dated August 1, 2022, are DENIED in part and GRANTED in part, and the order of the Magistrate Judge is affirmed in part and reversed in part, as set forth below.

This is a civil suit alleging violations of the False Claims Act, 31 U.S.C. § 3729, and unjust enrichment predicated on violations of the Anti-Kickback Statute, 42 U.S.C. § 1320a-7b(b). The present dispute arises out of the actions of a former Assistant United States Attorney who, in 2018, was lead counsel in the investigation that ultimately led to this proceeding. On January 25, 2018, in the course of that investigation, the AUSA and others met with counsel for Regeneron. According to the government, at that meeting, corporate counsel made certain factual admissions concerning the conduct of its employees that are relevant to this case.

This lawsuit was then filed on June 24, 2020. The AUSA left government employment for private practice in April 2021.

At some point, the government identified the now-former AUSA as a potential witness, based on his participation in the January 2018 meeting.[1] Counsel for Regeneron then took his deposition, which occurred on April 20, 2022.

In the course of that deposition, the former AUSA testified that in February 2021, he had downloaded a variety of files and materials from his government computer system in anticipation of leaving his position and going into private practice. He testified, in substance, that his purpose in doing so was to have various model and sample documents to assist him in his legal practice. Among those documents were ones concerning this case. Administrators at the Department of Justice apparently were alerted to the download, and he was advised that it was unauthorized and therefore improper. On February 12, 2021, he executed an affidavit stating that he had deleted the downloaded files and that they had not been disseminated any further.

As noted, Regeneron was able to depose the former AUSA as to that topic, although not to the extent it desired. It now seeks substantial additional discovery, including interrogatories and requests for production of documents, concerning the incident. The government has moved for a protective order precluding that discovery.

Following a hearing on July 18, 2022, at which the Magistrate Judge took the motion for a protective order under advisement, the government provided certain additional information concerning the matter to the court and counsel for Regeneron in a letter dated July 25, 2022. The Magistrate Judge then issued her order on August 1, 2022. (Docket No. 186).

---

[1] It appears that the former AUSA may have participated in one or more subsequent meetings addressing the same or similar topics. For the sake of simplicity, the Court will treat it as a single meeting.

In substance, Magistrate Judge Dein concluded that the government should be required to provide defense counsel with a summary of the contents of the affidavit that was submitted by the former AUSA to Department of Justice personnel.  The Magistrate Judge further concluded that the additional requested discovery "is not relevant to the claims and defenses at issue in this litigation, and the defendant has sufficient facts to conduct a cross-examination on the issue of bias to the extent it is relevant." (*Id.* at 1).  The Magistrate Judge further ordered that the deposition testimony concerning the former government employee's conduct in downloading and removing documents should remain under seal pending further order of the court.  This appeal followed.

Under Fed. R. Civ. P. 72(a), a District Judge may modify or set aside a decision of a Magistrate Judge on a non-dispositive matter only if it "is clearly erroneous or is contrary to law."  Pure questions of law are reviewed *de novo*. *PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 15 (1st Cir. 2010).  Factual findings are clearly erroneous when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *In re IDC Clambakes, Inc.*, 727 F.3d 58, 63-64 (1st Cir. 2013).  Mixed questions of fact and law are reviewed according to a sliding scale, under which "[t]he more fact intensive the question, the more deferential the level of review (though never more deferential than the 'clear error' standard); the more law intensive the question, the less deferential the level of review." *Id.* at 64.

The principal questions on this appeal are (1) whether further discovery is appropriate and (2) whether the present sealing order should be maintained.

3

### 1. Whether Further Discovery Is Appropriate

Under Fed. R. Civ. P. 26(b)(1), as a general matter "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Information "need not be admissible in evidence to be discoverable." *Id.*

Regeneron contends, in substance, that the information at issue is relevant because (1) it tends to show that the government's investigation is tainted by bias; (2) it tends to show that the witness, a former AUSA, is himself biased and lacks credibility; (3) it tends to show that the information at issue was mishandled in violation of the protective order issued by the court or otherwise sanctionable; and (4) further discovery is necessary in order to protect Regeneron's rights in the information.

The first issue may be disposed of summarily. Absent certain relatively narrow limitations, such as the constitutional prohibition against selective or discriminatory enforcement, there is no generalized right of targets of government investigations to have those investigations be untainted by "bias." The government may generally select its targets, and allocate its resources to investigations, as it sees fit, provided it is not doing so on the basis of race, gender, or other impermissible considerations. There is no credible basis in the present record to conclude that the motivation of the government in conducting its investigation, and bringing this lawsuit, was in any respect improper. Furthermore, and in any event, nothing about the information in dispute here would tend to prove the opposite—that is, that a generalized

"bias" against Regeneron somehow tainted this investigation. Nor is there any evidence that any alleged misbehavior unfairly undermined Regeneron's ability to defend itself or otherwise prejudiced it in any meaningful way.

The second issue is whether the information tends to show that the witness is biased. As to that issue, Regeneron has not made a showing that additional discovery is appropriate. To begin, the former AUSA may not testify at the trial—for example, because he is not called to testify or because the Court excludes his testimony—in which case the issue is moot. Even assuming, however, that he does, it appears that the only relevant information he may have to offer is his memory of the January 25, 2018 meeting between counsel for the government and counsel for Regeneron, at which corporate counsel is alleged to have made certain admissions.[2]

The credibility of the former AUSA, like that of any other witness, is of course fair game on cross-examination. And matters that may be relevant to credibility are generally discoverable. It is by no means clear that anything he may have done—which consists of the unauthorized downloading of government documents approximately three years after the 2018 meeting occurred—bears in any way on his credibility, and it is therefore doubtful whether it is admissible. *See* Fed. R. Evid. 608. In any event, the Court need not decide at this stage whether the information is admissible at trial; the issue is whether further discovery is warranted.

As set forth above, Rule 26 does not permit unlimited discovery on any topic, regardless of its importance. Among other things, the court must consider "the importance of the discovery in resolving the issues" and "whether the burden or expense of the proposed discovery outweighs its likely benefit." Fed. R. Civ. P. 26(b)(1). Here, the issue is a relatively minor one at best: the

---

[2] The alleged underlying false claims appear to have occurred during the period from 2011 to 2015, and the former AUSA is not, of course, a percipient witness to those events.

credibility of a witness to a meeting between counsel, long after the relevant events occurred. The information is of doubtful value in assessing that credibility. And Regeneron has not been prevented from obtaining discovery as to that issue; it is simply contending that it wants to explore the issue in even greater depth. The Magistrate Judge concluded that "the defendant has sufficient facts to conduct a cross-examination on the issue of bias to the extent it is relevant." (Docket No. 186 at 1). This Court agrees. To the extent Regeneron seeks additional discovery, (1) it is of little apparent importance in resolving the issues and (2) the burden and expense of the proposed discovery greatly outweighs its likely benefit, which is meager at best.

      The third issue is whether further discovery is warranted in order to permit the development of a factual record for sanctions. Regeneron's claim that the downloading violated the protective order issued in this case is without foundation, for the simple reason that the protective order had not yet been issued at the time. To the extent Regeneron is seeking further information in order to seek discovery sanctions under Fed. R. Civ. P. 37, 28 U.S.C. § 1927, or otherwise, the Court at this stage sees no need for additional discovery to develop the record. Regeneron has not, in any event, moved for such sanctions, and it is not immediately obvious why they ought to be imposed.

      Finally, the fourth issue is whether discovery is necessary to permit Regeneron to protect whatever proprietary or other rights it may have in the downloaded information. As noted, the former AUSA has provided an affidavit stating that any documents that he improperly downloaded have been deleted and not disseminated any further. There is no evidence in the record to suggest otherwise. And there is no evidence that Regeneron has suffered any actual prejudice to date, or is reasonably likely to suffer any prejudice in the future. It has now been

more than two years since the information was downloaded and then deleted, and there has been no indication of any leak or other disclosure.

Under the circumstances, the Court can see little benefit in permitting additional discovery, and without question the burden and expense of continued discovery greatly outweigh any likely benefit to be gained thereby. To that extent, therefore, the decision of the Magistrate Judge is neither clearly erroneous nor contrary to law.

## 2. Whether the Matter Should Be Unsealed

The order of the Magistrate Judge indicated that the relevant portion of the deposition transcript should remain under seal pending further order of the court. The order itself did not state the basis for sealing the document. The government, however, contends that it should remain sealed, principally because the sole purpose of the discovery is harassment and because the former AUSA has a protected privacy interest in his own personnel records pursuant to the Privacy Act, 5 U.S.C. § 552a(b).

As a general matter, records of court proceedings are presumed open to public scrutiny, and public access may be denied only for compelling reasons after specific judicial findings. *See M2 Consulting, Inc. v. MRO Software, Inc.*, 2005 WL 6726727, at *2 (D. Mass. Sept. 8, 2005) ("Rule 26(c)'s good cause requirement means that, [a]s a general proposition, pretrial discovery must take place in the public unless compelling reasons exist for denying the public access to the proceedings." (quoting *Public Citizen v. Liggett Grp., Inc.*, 858 F.2d 775, 789 (1st Cir. 1988))); *Anderson v. Cryovac, Inc.*, 805 F.2d 1, 7 (1st Cir. 1986) ("A finding of good cause must be based on a particular factual demonstration of potential harm . . . ."). Furthermore, the public has a particularly strong interest in matters involving alleged misconduct of public officials and employees, even those that are relatively minor. *See New England Apple Council v. Donovan*,

725 F.2d 139, 144 (1st Cir. 1984) ("The public has a significant, enduring interest in remaining informed about actions taken by public officials in the course of their duties.").

Here, the transcript of a deposition, taken approximately one year after the AUSA left the office, does not appear to qualify as a personnel "record" of that individual within the meaning of the Privacy Act. Moreover, there is no obviously compelling reason why the relevant portion of the transcript of the deposition should remain under seal.

The government contends that there is no basis for unsealing the deposition, other than as an act of retaliation against the former AUSA, and for purposes of needlessly harassing and embarrassing him. It is certainly true that Regeneron has no particularized need to have the transcript unsealed; its counsel obviously have access to the deposition transcript—one of its lawyers was the questioning attorney—and can use it, if appropriate, in the defense of this case. Unsealing the transcript (except to the extent required for impeachment, if any, on cross-examination) is therefore unnecessary to avoid prejudice to Regeneron.

Nonetheless, sealing is very much the exception, not the norm, and the sealing of matters involving misconduct by government employees should occur only under the most compelling circumstances. For the most part, such circumstances are not present here, and the Magistrate Judge did not identify any in her order. To that extent, therefore, the order of the Magistrate Judge was clearly erroneous.

There remains, however, a genuine concern that the transcript will be used for purposes of retaliation and harassment rather than for any legitimate reason. In order to minimize that possibility, the Court will order that the transcript be unsealed—provided, however, that the name of the former AUSA, as well as any personal identifying information, should be redacted prior to its placement on the public docket. There is no compelling reason, at least at this stage,

why he should be identified publicly by name, particularly since he no longer holds a position of public trust, and there is a countervailing interest in protecting the witness from retaliation or harassment.

### 3. Conclusion

For the foregoing reasons, the objections of defendant Regeneron Pharmaceuticals, Inc., to the Magistrate Judge's Order on the motion of the United States for a protective order, dated August 1, 2022, are GRANTED in part and DENIED in part, as follows:

(1) as to whether the additional discovery sought by defendant should be permitted, the order of the Magistrate Judge is neither clearly erroneous nor contrary to law, and therefore is affirmed; and

(2) as to whether the relevant portion of the deposition transcript at issue should remain sealed, the order is in part clearly erroneous, and is therefore reversed in part. The name of the former AUSA and any personal identifying information shall be redacted prior to the placement of the transcript on the public docket.

**So Ordered.**

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Dated: April 21, 2023              Chief Judge, United States District Court