UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA,      )<br>                                                             )<br>            Plaintiff,                            )     Civil Action No.<br>                                                             )     20-11217-FDS<br>      v.                                                  )<br>                                                             )<br>REGENERON PHARMACEUTICALS,   )<br>INC.,                                                  )<br>                                                             )<br>            Defendant.                       )<br>                                                             ) | |

ORDER ON DEFENDANT'S OBJECTIONS TO THE MAGISTRATE JUDGE'S ORDER
ON THE MOTION OF THE UNITED STATES TO COMPEL
PRODUCTION AND REOPEN DEPOSITION

**SAYLOR, C.J.**

After a hearing, and upon review of the memoranda filed by the parties and the attachments thereto, the objections of defendant Regeneron Pharmaceuticals, Inc., to the Magistrate Judge's decision and order on the motion of the United States to compel production and reopen deposition (Docket No. 227, filed under seal) are DENIED, and the order of the Magistrate Judge is hereby affirmed.

On December 6, 2022, Magistrate Judge Dein issued a memorandum of decision and order on the government's motion to compel production of certain materials concerning a witness interview that Regeneron contended were protected by the attorney-client privilege and the work-product doctrine. (Docket No. 212, filed under seal). In substance, Magistrate Judge Dein concluded that Regeneron had waived the attorney-client privilege with respect to those materials; that work-product protection over those materials had been waived to the extent that they concerned the factual details of the witness interview; and that the opinions, observations,

and analyses of that interview by Regeneron's counsel, or other information revealing counsel's mental impressions, remained protected by the work-product doctrine. Magistrate Judge Dein also denied the motion to the extent that the government sought to reopen the deposition of the witness, although that denial was without prejudice to its renewal if appropriate after the government has had an opportunity to review the disclosed portions of the withheld materials.

Under Fed. R. Civ. P. 72(a), a District Judge may modify or set aside a decision of a Magistrate Judge on a non-dispositive matter only if it "is clearly erroneous or is contrary to law." Pure questions of law are reviewed *de novo*. *PowerShare, Inc. v. Syntel, Inc.*, 597 F.3d 10, 15 (1st Cir. 2010). Factual findings are clearly erroneous when "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *In re IDC Clambakes, Inc.*, 727 F.3d 58, 63-64 (1st Cir. 2013). Mixed questions of fact and law are reviewed according to a sliding scale, under which "[t]he more fact intensive the question, the more deferential the level of review (though never more deferential than the 'clear error' standard); the more law intensive the question, the less deferential the level of review." *Id.* at 64.

Here, the decision of the Magistrate Judge is a thoughtful and careful resolution of the issues, set forth according to a clear analysis of the relevant legal framework. It does not appear to this Court to be erroneous in any respect, much less clearly erroneous or contrary to law. Accordingly, and because the Court agrees with her decision in all substantial respects, her order is affirmed without need for more substantial explanation.

**So Ordered.**

Dated: April 21, 2023

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court